IN THE UNITED STATES DISTRICT COURT
FOR THE DISTRICT OF COLORADO
**Judge Philip A. Brimmer**

Civil Action No. 18-cv-00097-PAB

JEFFREY JOHN ("JJ") WALDEN,

    Plaintiffs,

v.

LIBERY MUTUAL INSURANCE CORPORATION,
LIBERTY MUTUAL INSURANCE COMPANY, and
LIBERTY INSURANCE CORPORATION,

    Defendants.

## ORDER TO SHOW CAUSE

The Court takes up this matter *sua sponte* on Notice of Removal [Docket No. 1] filed by defendant Liberty Mutual Insurance Company, defendant Liberty Insurance Corporation, and "Liberty Mutual Insurance Corporation."[1] Defendants claim that the Court has subject matter jurisdiction over this lawsuit pursuant to 28 U.S.C. § 1332. Docket No. 1 at 3, ¶ 14.

In every case and at every stage of the proceeding, a federal court must satisfy itself as to its own jurisdiction, even if doing so requires *sua sponte* action. *Citizens*

---

[1] Defense counsel purports to file on behalf of "Liberty Mutual Insurance Corporation," but the notice of removal claims that no such entity exists. Docket No. 1 at 4, ¶ 18. The first amended complaint refers to both Libery Mutual Insurance Corporation, as a defendant, and Liberty Mutual Insurance Corporation, as an entity that allegedly provided insurance to plaintiff. Docket No. 1-3 at 1. It may be that Libery Mutual Insurance Corporation is simply a misspelling of Liberty Mutual Insurance Corporation, which in turn does not exist, but this is not clarified in the notice of removal. For simplicity, the Court nonetheless refers to the parties seeking removal as "defendants."

*Concerned for Separation of Church & State v. City & County of Denver*, 628 F.2d 1289, 1297 (10th Cir. 1980). Absent an assurance that jurisdiction exists, a court may not proceed in a case. *See Cunningham v. BHP Petroleum Great Britain PLC,* 427 F.3d 1238, 1245 (10th Cir. 2005). Courts are well-advised to raise the issue of jurisdiction on their own, regardless of parties' apparent acquiescence. First, it is the Court's duty to do so. *See Laughlin v. Kmart Corp.*, 50 F.3d 871, 873 (10th Cir. 1995), *abrogated on other grounds by Dart Cherokee Basin Operating Co., LLC v. Owens,* 135 S. Ct. 547 (2014) ("[I]f the parties fail to raise the question of the existence of jurisdiction, the federal court has the duty to raise and resolve the matter."). Second, "[s]ubject matter jurisdiction cannot be conferred or waived by consent, estoppel, or failure to challenge jurisdiction early in the proceedings." *Id.* Finally, delay in addressing the issue only compounds the problem if it turns out that, despite much time and expense having been dedicated to a case, a lack of jurisdiction causes it to be dismissed or remanded regardless of the stage it has reached. *See U.S. Fire Ins. Co. v. Pinkard Constr. Co.*, No. 09-cv-00491-PAB-MJW, 2009 WL 2338116, at *3 (D. Colo. July 28, 2009).

It is well established that "[t]he party invoking federal jurisdiction bears the burden of establishing such jurisdiction as a threshold matter." *Radil v. Sanborn W. Camps, Inc.*, 384 F.3d 1220, 1224 (10th Cir. 2004). Defendants invoke 28 U.S.C. § 1332 as the basis for this Court's diversity jurisdiction. Docket No. 1 at 3, ¶ 14. Section 1332(a)(1) states: "The district courts shall have original jurisdiction of all civil actions where the matter in controversy exceeds the sum or value of $75,000, exclusive

of interest and costs, and is between [] citizens of different States." The facts as presently averred, however, do not provide sufficient information regarding the citizenship of plaintiff.

The notice of removal states that plaintiff is a "resident of the State of Wyoming and was working in Colorado at the time of the alleged accident." Docket No. 1 at 3, ¶ 15. As support for this statement, defendants cite plaintiff's amended complaint, which lists a Wyoming post office box as plaintiff's address. *Id.*; Docket No. 1-3 at 9. However, domicile, not residency or mailing address, is determinative of citizenship. *See Kramer v. Sears Roebuck & Co.*, 1997 WL 141175, *3 (10th Cir. Mar. 28, 1997). The information provided by defendants is insufficient because it does not allow the Court to independently assess the alleged jurisdictional basis. *See Pinkard Constr.,* 2009 WL 2338116, at *3; *Affordable Communities of Mo. v. EF & A Capital Corp.*, 2008 WL 4966731, *2-3 (E.D. Mo. Nov.19, 2008) (statement that none of the unidentified members of an LLC was a citizen of a particular state was insufficient to establish diversity of citizenship).

For the foregoing reasons, it is **ORDERED** that, on or before **5:00 p.m. on January 30, 2018**, defendants Liberty Mutual Insurance Company and Liberty Insurance Corporation shall show cause why this case should not be remanded due to the Court's lack of subject matter jurisdiction.

DATED January 19, 2018.

BY THE COURT:

s/Philip A. Brimmer
PHILIP A. BRIMMER
United States District Judge